IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HUTCHINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-495-MJR |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Federal Prison Camp in Marion, Illinois, brings this action to challenge the Bureau of Prisons's ("BOP") regulations regarding assignment in a Community Corrections Center ("CCC"). Although he used the form provided in this District for a habeas corpus petition, 28 U.S.C. § 2241, his supporting memorandum argues that these regulations violated the notice and comment period requirement of the Administrative Procedure Act ("APA"), that the BOP's change in policy reflects an illegal interpretation of the new rules, and the application of this rule violated his rights under the Fifth Amendment. Among the various bases for jurisdiction, Plaintiff invokes the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq*, which the Seventh Circuit has declared to be the proper method by which to raise such a challenge. *See Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004).

As pointed out in *Richmond*, a suit under the APA must comport with the procedures applicable to general civil litigation, rather than habeas corpus. Therefore, "a petition for habeas corpus may not be 'converted' to a civil suit" but instead a court must "leave that option to the

litigants, after they know what is at stake." *Id.* at 606. And what, exactly, is at stake? As spelled out in *Richmond*, in addition to a requirement of exhaustion of administrative remedies, a plaintiff is also subjected to "payment of the full docket fee [and] screening through of the three-strikes rule," *id.*, not to mention the possible issuance of a new strike if the district court finds the suit is frivolous, malicious, or fails to state a claim. *See generally* 28 U.S.C. §§ 1914, 1915A, 1915(e)(2), 1915(g).

Consistent with *Richmond*, the Court finds that the claims presented in this action cannot be pursued in habeas corpus, but must be pursued in a civil action under the APA, 5 U.S.C. § 551 *et seq*. However, *before* converting this habeas action to civil action under the APA, the Court **ADVISES** Petitioner of the following:

- A civil action requires a **filing fee of $250**, rather than the $5 filing fee for habeas corpus. 28 U.S.C. § 1914.

- The provisions of 28 U.S.C. § 1915 apply to all civil actions filed by persons in custody. This means that even if the Court finds that he is indigent and grants his motion to proceed *in forma pauperis*, Petitioner will be required to pay the full $250 filing fee through the formula stated in the statute. 28 U.S.C. § 1915(b).

- In evaluating his motion to proceed *in forma pauperis*, the Court will first determine whether or not Petitioner has previously filed three or more federal lawsuits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g).

- If the Court determines that Petitioner has, in fact, "struck out," his motion to proceed *in forma pauperis* will be denied, and he will be required to pay immediately the full $250 filing fee.

- If the Court determines that the claims in this action are frivolous, malicious, or fail to state a claim upon which relief may be granted, the Court will promptly dismiss the case. That dismissal will count as a future "strike" for determining whether Petitioner will be allowed to proceed *in forma pauperis* in future litigation.

**IT IS HEREBY ORDERED** that within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order, Petitioner shall inform the Court in writing of his desire to convert this habeas action to a civil action under the APA, understanding that all of the above-listed provisions will apply.

**IT IS FURTHER ORDERED** that if Petitioner wishes to pursue his claims in an action under the APA, **he must submit a certified copy of his prison trust fund account statement for the preceding six-month period**.  This account statement must accompany his written notice advising the Court of his desire to convert this habeas action to a civil action under the APA, and this document must also be filed within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this Memorandum and Order in the time allotted, the Court will deem his non-response as Petitioner's unspoken request to dismiss this habeas corpus action without prejudice.  *See* FED.R.CIV.P. 41(a)(1)(i).  As such, the Court will dismiss this action and cause Petitioner to be notified of that decision.

**IT IS SO ORDERED.**

**DATED this 16th day of December, 2005.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**