### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HUTCHINS, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No.  05-495-MJR-PMF |
| RANDY DAVIS, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to dismiss (Doc. No. 17). In this action, filed pursuant to the Administrative Procedure Act, plaintiff challenges a Bureau of Prisons (BOP) regulation governing inmate placement in community corrections centers for the final months of confinement. Specifically, plaintiff challenges the BOP's interpretation of 18 U.S.C. §§ 3621(b) and 3624(c). The BOP codified its interpretation of these statutes at 28 C.F.R. § 570.21. That regulation, effective in February, 2005, provides that an inmate may be placed in a community corrections center during the last ten percent of his or her sentence, not to exceed six months. The BOP views the ten percent mark as the point that normally triggers eligibility for the transfer. Applying that interpretation, the BOP rejected plaintiff's request to serve six months of his sentence in a halfway house. The BOP determined that plaintiff would not be considered for placement in a community corrections center until March 12, 2006.

Defendant argues that plaintiff's claim is moot and should be dismissed. He presents records showing that plaintiff was released from custody on November 16, 2005. The motion is opposed (Doc. No. 20).

Under the Administrative Procedures Act, this Court has the power to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.  Hence, if plaintiff were successful in this suit, the relief available would be an order directing the Bureau to evaluate plaintiff's request for placement in a community corrections center without regard to the ten percent rule.  Because plaintiff has been released from custody, the controversy regarding his appropriate placement is no longer "live."  This Court lacks authority to decide questions that cannot affect the rights of the litigants.  *Murphy v. Hunt*, 455 U.S. 478, 481 (7th Cir. 1984).   The case or controversy requirement of Article III of the Constitution deprives the Court of jurisdiction to hear moot cases.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

IT IS RECOMMENDED that defendant's motion (Doc. No. 17) be GRANTED.  This action should be DISMISSED as moot.

SUBMITTED:    May 7, 2007        .

                                          *s/ Philip M. Frazier*
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**